IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| EDWARD TYRONE RIDLEY, ) | |
| ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:20-cv-151 (MTT) |
| ) | |
| Warden BENJAMIN FORD, ) | |
| ) | |
| ) | |
| Respondent. ) | |
| _____) | |

## ORDER

United States Magistrate Judge Charles H. Weigle recommends granting Respondent Benjamin Ford's motion to dismiss, dismissing as untimely Petitioner Edward Ridley's petition for a writ of habeas corpus, and denying a certificate of appealability.  Doc. 57.

While his petition was pending, Ridley filed a new petition in the Albany Division of the Middle District of Georgia.  *Ridley v. Ford*, 1:20-cv-90, Doc. 1.  In unpublished guidance, the Eleventh Circuit has instructed that "where a new pro se [habeas] petition is filed before the adjudication of a prior petition is complete, the new petition should be construed as a motion to amend the pending petition. . . ." *Daker v. Toole*, 736 F. App'x 234, 235 (11th Cir. 2018) (quotation marks and citations omitted).  Further, a few weeks after filing his petition in the Albany Division, Ridley "respectfully move[d] this Honorable Court to immediately transfer this case to U.S. Dist. Ct., Macon Case No. 5:20-cv-151-MTT-CHW so there will not be a conflict over issues." *Ridley*, 1:20-cv-90, Doc. 6 at 1.

In accordance with Circuit precedent and Ridley's wishes, the Court docketed that petition in this action as a motion to amend. Docs. 74; 75.

Then, Ridley filed an objection to that order and moved to dismiss his § 2254 petition.[1] The objection claims Ridley meant to file his petition in the Albany Division "to be construed as a 2241 only, and to adopt that petition ONLY as a 2241 which is not a successive petition[.]" Doc. 79. However, the Court did not dismiss that motion as second or successive, but instead construed it as a motion to amend. Ridley's concerns about the rule against second or successive petitions is, therefore, unfounded. More importantly, his petition in the Albany Division, like his original petition in this action, is clearly a challenge to the validity of his state-court conviction. And the Eleventh Circuit "ha[s] held many times that a prisoner collaterally attacking his conviction or sentence may not avoid the various procedural restrictions imposed on § 2254 petitions by nominally bringing suit under § 2241." *Bowles v. Sec'y, Fla. Dep't of Corr.*, 935 F.3d 1176, 1182 (11th Cir.), *cert. denied sub nom. Bowles v. Inch*, 140 S. Ct. 26 (2019). Accordingly, his motion to dismiss the Albany Division petition or construe it as a § 2241 motion (Doc. 79) is **DENIED**. Instead, the Albany Division petition is construed as a motion to amend.

In response, the Respondent argued the motion was not docketed in this action until December 8, 2020. Doc. 78 at 1-3. The Respondent reasons that "[b]ecause this amendment was filed after the deadline imposed by this Court in its show-cause order[2]

---

[1] He filed a similar motion earlier, seemingly because he was concerned about stating the same grounds he already raised. Doc. 16. Because the Albany Division petition had not yet been transferred to this action, the Court concluded that motion "d[id] not pertain to the above-captioned action" and dismissed it as moot. Docs. 21 at 6; 67.

[2] The Court is unaware what "show-cause" order the Respondent is talking about. The Court can only guess that the Respondent must have been referencing a scheduling order.

and because it is an amendment outside of the first amendment to his petition, . . . any attempt by Petitioner to amend his claims is untimely and should be disallowed on this basis." *Id.* at 3. The Respondent hinted at defenses to the amended petition, "such as the petition being untimely," but did not raise those defenses.

After review, the Court reaches two conclusions. First, the Respondent's argument that the amendment is untimely depends only on the fact that several months elapsed before the Court closed the Albany case and migrated the petition to this case. There is no reason that delay should be held against Ridley. After all, he filed the petition in May, and he moved to transfer it to this action in the Macon Division in June—well within the time limits set by the Court. *See* Doc. 21 at 2. An administrative delay in docketing Ridley's motion to amend is not grounds for denying that motion.

Second, nothing in the amended petition appears to undermine the Magistrate Judge's conclusion that Ridley's claims are untimely. *See* Doc. 57. Even if the amended petition relates back to the original petition, it appears that it would be untimely. Amendment, therefore, may be futile. Ridley **SHALL** file a supplemental brief, no later than **February 5, 2021**, addressing whether amendment would be futile. Absent extraordinary circumstances, that deadline will not be extended.

**SO ORDERED**, this 20th day of January, 2021.

S/ Marc T. Treadwell  
MARC T. TREADWELL, CHIEF JUDGE  
UNITED STATES DISTRICT COURT