IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| EDWARD TYRONE RIDLEY, | ) |
| | ) |
| Petitioner, | ) |
| v. | ) CIVIL ACTION NO. 5:20-cv-151 (MTT) |
| Warden BENJAMIN FORD, | ) |
| Respondent. | ) |

## ORDER

United States Magistrate Judge Charles H. Weigle recommends granting Respondent Benjamin Ford's motion to dismiss, dismissing as untimely Petitioner Edward Ridley's petition for a writ of habeas corpus, and denying a certificate of appealability.  Doc. 57.

While his petition was pending, Ridley filed a new petition in the Albany Division of the Middle District of Georgia.  Ridley v. Ford, 1:20-cv-90, Doc. 1.  The Court docketed that petition in this action as a motion to amend.  Docs. 74; 75.  Ridley filed an objection to that order and moved to dismiss his § 2254 petition.  The objection claimed that Ridley meant to file his petition in the Albany Division "to be construed as a 2241 only, and to adopt that petition ONLY as a 2241 which is not a successive petition[.]"  Doc. 79.  The Court construed that as a motion to dismiss the Albany Division petition or construe it as a § 2241 motion, and that motion was denied.  Doc 84.  Instead, the Albany Division petition was construed as a motion to amend.

As a result, there are three pending motions to amend.[1]  Docs. 70; 75; 82. Federal Rule of Civil Procedure 15(a)(2), made applicable to habeas proceedings by 28 U.S.C. § 2242 and Rule 12 of the Rules Governing Section 2254 Cases, provides that, when amendment as a matter of course is not available, "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  "The Supreme Court has emphasized that leave to amend must be granted absent a specific, significant reason for denial."  *Spanish Broad. Sys. of Fla. v. Clear Channel Commc'n, Inc.*, 376 F.3d 1065, 1077 (11th Cir. 2004) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *Bellefleur v. United States*, 489 F. App'x 323 (11th Cir. 2012) (reversing district court's unexplained denial of petitioner's motion to amend his 28 U.S.C. § 2255 petition). There are several significant reasons that justify denying leave to amend, including (1) futility of the amendment; (2) "'undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed'"; or (3) "'undue prejudice to the opposing party.'"  *In re Engle Cases*, 767 F.3d 1082, 1108-09 (11th Cir. 2014) (quoting *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001)).

In its order denying Ridley's motion to dismiss the Albany petition or construe it as a § 2241, the Court noted that

> nothing in the amended petition appears to undermine the Magistrate Judge's conclusion that Ridley's claims are untimely. See Doc. 57. Even if the amended petition relates back to the original petition, it appears that it would be untimely. Amendment, therefore, may be futile.

---

[1] The latest one was filed not as a motion, but as an "emergency amended" petition.  Doc. 82.  The Court construes it as a motion to amend accompanied by a proposed amended petition.  Also, Ridley styled the case number as "5:20-cv-151-MTT CHW? This is a new case." *Id*. at 1.  But it is clear that the proposed amended petition challenges the validity of the same conviction his original petition challenges.  Even if Ridley had filed this under a new case number, it would have been administratively closed and docketed as a motion to amend in this case, just as the Albany Division petition was.

The Court ordered Ridley to file a supplemental brief to address whether amendment would be futile.  Doc. 84 at 3.  After an extension, the deadline for that brief was March 1, 2021.  Doc. 92.  Ridley did not file a supplemental brief.  The Court concludes that none of the motions to amend, if granted, would alter the Magistrate Judge's conclusion that the petition is untimely.  *See generally* Docs. 70; 73; 75; 82.  Accordingly, the motions would be futile.  The three motions to amend (Docs. 70; 75; 82) are therefore **DENIED**.

Ridley also objected to the Recommendation.  Pursuant to 28 U.S.C. § 636(b)(1), therefore, the Court reviews de novo the portions of the Recommendation to which he objects.

In the Recommendation, the Magistrate Judge conducted a detailed analysis of Ridley's criminal appeals and postconviction proceedings.  In relevant part, he noted that the Crisp County Superior Court denied the Petitioner's second habeas petition on July 5, 2017, and the limitations period remained tolled for an additional thirty days—until August 4, 2017.  Doc. 57 at 5. Although the Petitioner timely filed an application for a certificate of probable cause to appeal ("CPC") with the Georgia Supreme Court, he failed to file a notice of appeal in the Crisp County Superior Court as required by Georgia law.  *Id*.; s*ee* O.C.G.A. § 9-14-52(b).  As a result, the effort to appeal was not "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2), and AEDPA's one-year limitations period continued to run.  *Id*.

In his objection, the Petitioner argues both that "I did file timely notice of appeals in Crisp County" and that the clerk of the Georgia Supreme Court never "advise[d] me to file a notice of appeal[.]"   Doc. 69 at 1, 2.  However, Ridley's assertion that he "timely"

filed a notice of appeal is a legal conclusion, and he does not specify when he filed that notice of appeal.  Further, his claim he filed a timely notice of appeal is completely unsupported.[2]

After review, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge.  The Recommendation (Doc.57) is **ADOPTED** and made the Order of the Court.  Accordingly, the Respondent's motion to dismiss (Doc. 39) is **GRANTED**, the petition is **DISMISSED** with prejudice as untimely, and a certificate of appealability is **DENIED**.

Additionally, because the petition is dismissed, Ridley's many, meritless pending motions (Docs. 60; 61; 62; 65; 66; 76; 77; 85; 94) are **DENIED as moot**.

**SO ORDERED**, this 22nd day of March, 2021.

S/ Marc T. Treadwell<br>
MARC T. TREADWELL, CHIEF JUDGE<br>
UNITED STATES DISTRICT COURT

---

[2] To the contrary, the Georgia Supreme Court concluded that Ridley "failed to file a notice of appeal below until well after the expiration of the filing period."  Doc. 41-12 at 1.